RICHARD J. CADLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cadle v. Commissioner
Docket No. 21736-90
United States Tax Court
T.C. Memo 1991-459; 1991 Tax Ct. Memo LEXIS 508; 62 T.C.M. (CCH) 769; T.C.M. (RIA) 91459; September 19, 1991, Filed *508 An appropriate order and decision will be entered. Richard J. Cadle, pro se. Lisa M. Oshiro, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year in issue, and all Rule numbers refer to the Tax Court Rules of Practice and Procedure.) This case is before the Court on respondent's Motion For Judgment on the Pleadings pursuant to Rule 120 and respondent's Motion for Damages (a penalty) under section 6673. Respondent determined a deficiency and additions to petitioner's Federal income tax as follows: Additions to Tax
Under Sections
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
1987
$ 2,670.66
$ 133.53
*
Respondent's determinations are based upon the failure of petitioner *509 to report as income other compensation in the amount of $ 9,859, and to pay self-employment tax on that amount. Petitioner resided in Tacoma, Washington, when his petition was filed.
Petitioner filed an income tax return for 1987. Petitioner disputes respondent's determinations on grounds such as that compensation received by citizens of the United States is tax exempt and that such compensation is not taxable gross income. The short answer to petitioner's assertions that his compensation is not subject to tax is that petitioner is not exempt from Federal income tax. . In his petition and at the hearing on respondent's motions, petitioner made tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., ; ; , affd. . We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain *510 "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably *511 failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 2,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on $ 2,670.66, the underpayment of tax due to negligence.↩